**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------

**DAREN DREW,**

**Plaintiff,**

**-against-**

**LONG ISLAND RAILROAD and THE METROPOLITAN TRANSPORTATION AUTHORITY,**

**Defendants.**

------------------------------------

**COMPLAINT UNDER THE FEDERAL EMPLOYERS' LIABILITY ACT (45 U.S.C. § 51 et seq.)**

**TRIAL BY JURY DEMANDED**

Daren Drew, by his attorneys, the Wiesner Law Firm, P.C., complaining of defendants, alleges as follows upon information and belief:

## **Parties**

1. Plaintiff is an individual residing at 219-53 Ryan Road in the County of Queens, State of New York and was, at all times relevant, an employee of defendant **LONG ISLAND RAILROAD** ("LIRR") working within the scope and course of employment as an electrician.

2. Plaintiff has been married for 28 years and is the father of five children.

3. Defendant LIRR is an agency of the **METROPOLITAN TRANSPORTATION AUTHORITY** ("MTA"), with a principal place of

business at 93-02 Sutphin Boulevard in the County of Queens, State of New York.

4. At all times pertinent, defendant LIRR, operating as a common carrier by railroad, engaged in interstate commerce.

5. At all times pertinent, defendant MTA was a public benefit corporation operating as a common carrier by railroad, and was engaged in interstate commerce with LIRR as one of its subsidiaries. Its principal place of business is at 2 Broadway, in the County and State of New York.

**Jurisdiction**

6. This action arises under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. Jurisdiction is founded under 28 U.S.C. § 1331 (Federal Question) and 45 U.S.C. § 56.

**Venue**

7. Venue is proper in this District pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1391(b), as defendants operate rail lines and conduct business within this judicial district, and a substantial part of the events giving rise to this claim occurred here.

## Factual Background

8. From in or about 1999 until around 2010, plaintiff was employed as an electrician by defendants and performed assigned duties on behalf of defendants at or near the West Side Yard in the County of New York.

9. From in or about 2010 to July, 2026 plaintiff was employed as an electrician by defendants and performed assigned duties on behalf of defendants at or near the Hillside Maintenance Facility in the County of Queens.

10. While performing these duties, plaintiff was required to perform tasks including, but not limited to *inter alia*, repairing, inspecting, adjusting, maintaining, installing and replacing various equipment, switches and machinery related to the proper and safe operation of the railroad and the safe transportation of its passengers.

11. During the performance of his assigned duties, plaintiff was exposed to toxic substances including, but not limited to diesel exhaust, asbestos, industrial solvents, benzene, formaldehyde, herbicides, pesticides, polycyclic aromatic hydrocarbons, glyphosate, trichloroethylene (TCE), tetrachloroethylene (PCE), PCBs, naphtha, lye steam and creosote.

12. During the performance of his assigned duties, plaintiff was exposed to toxic heavy metals including, but not limited to lead, arsenic, mercury, cadmium, manganese, chromium, and nickel, including in the form of fumes.

13. These exposures caused the development of prostate cancer in plaintiff, currently in Stage 4.

14. These exposures contributed to the development of prostate cancer in plaintiff, currently in Stage 4.

15. These exposures exacerbated or worsened plaintiff’s prostate cancer, currently in Stage 4.

**Count I: Negligence Under FELA (45 U.S.C. § 51)**

16. Plaintiff incorporates paragraphs 1 through 15 as though fully set forth herein.

17. At all relevant times, defendants owed plaintiff a non-delegable duty under FELA to exercise reasonable care to provide a reasonably safe place to work, safe equipment, adequate assistance, and safe operating methods.

18. Defendants breached this duty by committing one or more

of the following negligent acts or omissions:

Failing to provide safe, properly maintained tools, machinery, and equipment.

Failing to properly inspect the work area and eliminate known or foreseeable hazards.

Failing to properly ensure the cleanliness of worksite premises.

Failing to properly protect against exposure to toxins.

Failing to assign sufficient personnel to perform the task safely.

Failing to adequately train and supervise plaintiff and co-workers on safe operating practices.

Failing to provide proper worksite ventilation.

Requiring plaintiff to perform work under unsafe and hazardous conditions in violation of railroad safety rules and industry standards.

19. As a direct result, in whole or in part, of defendants' negligence, plaintiff suffered severe and permanent injuries, including prostate cancer, currently in Stage 4.

20. Due to these injuries, plaintiff has suffered and will continue to suffer:

Severe physical and emotional pain, mental anguish, and loss of enjoyment of life.

Significant medical expenses for past, ongoing, and future medical treatment.

Past lost wages and fringe benefits, as well as permanent impairment of future wage-earning capacity.

**Jury Demand**

21. Plaintiff demands a trial by jury on all issues so triable.

**Prayer for Relief**

22. WHEREFORE, plaintiff respectfully demands judgment against all defendants for:

Compensatory damages in an amount to be determined at trial;

Past and future medical expenses;

Costs of suit and pre- and post-judgment interest as permitted by law;

Along with such other and further relief as the Court deems just and proper as well as costs, attorneys' fees, and disbursements.

Dated: New York, New York
August 28, 2026

Respectfully submitted,

Wiesner Law Firm, P.C.

By: /s/Neal Wiesner
______________________________

Wiesner Law Firm, P.C.
*Attorneys for Plaintiff*
62 William Street - 9th Floor
New York, New York 10005
(212) 732-2225
nwiesner@wiesnerfirm.com